**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL R. FANNING, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS**<br>**4115 Chesapeake Street, N.W.**<br>**Washington, D.C. 20016,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RED, WHITE & BLUE CRANE, LLC**<br>**d/b/a ANTHONY CRANE USA**<br>**200 Washington Avenue**<br>**Dravosburg, Pennsylvania 15034**<br><br>**Serve: Registered Agent**<br>**Douglas A. Hagy**<br>**11410 58th Street**<br>**Pinellas Park, Florida 33782,**<br><br>**Defendant.** | ) |

**COMPLAINT**

**(TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE BENEFIT FUND AND FOR AN AUDIT)**

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

**PARTIES**

1. Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund"). The Central Pension Fund is an employee pension benefit plan as that term is defined in Section 3(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(2). The Central Pension Fund is a

multiemployer plan as that term is defined in Section 2(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. Defendant Red, White & Blue Crane, LLC, d/b/a Anthony Crane USA is a business with a place of business at 11410 58th Street N., in Pinellas Park, Florida, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

**JURISDICTION AND VENUE**

3. This is an action to collect contributions and other amounts due to employee benefit plans under the terms of collectively bargained agreements. This Court has subject matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. § § 1132(a)(3), (g) and 1145.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## **FACTS**

6. Defendant at all relevant times has assigned to the Union Contractors and Subcontractors Association, Inc. the right to negotiate and enter into a collective bargaining agreement on behalf of the Defendant with Operating Engineers Local Union No. 925, 925A and 925C. At all relevant times the Union Contractors and Subcontractors, Inc. and Operating Engineers Local Union No. 925, 925A, 925B and 925C have entered into an Equipment Rental Agreement.

7. Defendant has been signatory to and bound at all relevant times to the Operating Engineers Equipment Rental Agreement Between International Union of Operating Engineers Local No. 925, 925A, 925B, and 925C, AFL-CIO and Union Contractors and Subcontractors Association, Inc. that governs the wages, benefits and terms and conditions of employment of certain individuals performing work covered by the Agreements.

8. Pursuant to the Agreements, Defendant agreed to pay to the Plaintiff certain sums of money, called contributions, on behalf of employees of the Defendant performing work covered by the Agreements.

9. Between the period of January 2012 through December 2014, Defendant has employed employees performing work under the Agreements.

10. Defendant failed to pay to the Plaintiff the proper amount of contributions owed under the Agreements and associated with employer account code number 219975.

11. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, an employer who fails to pay the required contributions is liable for liquidated damages.

12. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, an employer who fails to pay the required contributions is liable for interest.

13. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, an employer who fails to pay the required contributions is liable for all costs, audit expenses and reasonable attorneys' fees.

## COUNT I

## (UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE BENEFIT FUND)

14. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 13 as if fully set forth in this Count I.

15. A payroll compliance review was performed on certain books and records of the Defendant in April 2016 by Calibre CPA Group, PLLC for the period of January 2012 through December 2014. The results of the audit of employer account number 219975 revealed that the Defendant owed contributions to the Plaintiff for approximately 26,000 hours of unreported wages, in the amount of $248,998.57.

16. By virtue of the failure to pay contributions as contractually required, the Defendant is in contravention of the Agreements, the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, and Sections 502 and 515 of ERISA.

17. Defendant has failed to pay liquidated damages on the unpaid contributions owed to the Plaintiff.

18. The Defendant has failed to pay interest owed on the unpaid contributions owed to the Plaintiff.

19. The Defendant is obligated to pay the Plaintiff's costs, audit and reasonable attorneys' fees.

**COUNT II**

**(AUDIT)**

20. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 19 as if fully set forth in this Count II.

21. An audit of the Defendant's records from January 2015 to December 2016 will permit the Plaintiff to determine whether the Defendant is properly reporting the amounts owed to the Plaintiff.

22. Under the terms of the Plaintiff's Restated Agreement and Declaration of Trust, Plaintiff is entitled to conduct an audit of Defendant's records, at the Defendant's expense.

**WHEREFORE,** Plaintiff prays judgment against the Defendant as follows:

A. For unpaid contributions due and owing to the Plaintiff for the period of January 2012 to December 2014 in the approximate amount of $258,998.57.

B. For liquidated damages and interest as provided for in the Agreements and the Plaintiff's Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2) through the date of judgment.

C. Costs, audit and reasonable attorneys' fees as required by the Agreements and 29 U.S.C. § 1132(g)(2) and the Plaintiff's Restated Agreement and Declaration of Trust through the date of judgment.

D. For a Court Order requiring Defendant to submit all necessary books and records to Plaintiff for audit at the Defendant's cost for the period of January 2015 through December 2016.

E. For any and all contributions, liquidated damages, and interest owed to the Plaintiff which become due as a result of the audit and up to the date of judgment plus costs, interest, audit and reasonable attorneys' fees pursuant to the Agreements, the Plaintiff's Restated Agreement and Declaration of Trust, and 29 U.S.C. § 1132(g)(2).

F. Such further relief as the Court deems appropriate.

Respectfully submitted,

By: ______________________________

Dated: December 14, 2016

R. Richard Hopp (Bar No. 432221)
**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 362-0041
Facsimile: (202) 327-1200

*Attorney for the Plaintiff*